UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE TALKSPACE STOCKHOLDER DERIVATIVE LITIGATION | Master File No. 1:22-cv-05016-PGG |
|---|---|

**PLAINTIFFS' NOTICE OF NON-OPPOSITION AND REPLY IN FURTHER SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT**

Plaintiffs Fredrik Odsvall ("Odsvall") and Matis Nayman ("Nayman") (collectively "Plaintiffs"), by their undersigned counsel, respectfully submit this Notice of Non-Opposition and Reply in Further Support of Plaintiffs' Unopposed Motion for Final Approval of Proposed Settlement in connection with the Derivative Actions brought on behalf of Talkspace, Inc. ("Talkspace" or the "Company").[1]

**I.   PRELIMINARY STATEMENT**

On July 5, 2023, this Court entered an order preliminarily approving the Settlement. ECF No. 18 ("Preliminary Approval Order"). In accordance with the Preliminary Approval Order, within fourteen (14) business days following its entry, notice of the proposed Settlement was provided to Current Talkspace Stockholders by the Company: (i) issuing a press release on July 25, 2023 announcing the Settlement and referring Current Talkspace Stockholders to Talkspace's Investor Relations webpage, where the Long-Form Notice and the Stipulation, together with its exhibits, were posted in their entirety; (ii) promptly filing with the SEC a Current Report on Form 8-K attaching the press release on July 25, 2023; and (iii) publishing the Summary Notice in *Investor's Business Daily* on July 26, 2023. *See* Preliminary Approval Order (ECF No. 18 at ¶ 5) and Declaration of Jed M. Schwartz Regarding Posting of Notice of Proposed Settlement of Derivative Action (ECF. No. 23 at ¶¶ 4-6 ).

---

[1] All capitalized terms herein have the same meaning as in the Stipulation of Settlement and Release Agreement dated May 18, 2023 (the "Stipulation").

The Long-Form Notice and Summary Notice set forth, *inter alia*: the procedure for objecting to the Settlement, including the Fee and Expense Amount and the Service Awards; the August 6, 2023 deadline for filing objections with the Court (*i.e.,* at least ten days prior to the Settlement Hearing); and the manner for filing any objections. *See* Exs. B and C attached to the Stipulation (ECF No. 16-1). The notice program approved by the Court in its Preliminary Approval Order has been completed and the deadline for filing objections has passed. No objections have been filed. The positive reaction of Talkspace stockholders to the proposed Settlement further demonstrates its fairness, reasonableness, and adequacy.

## II.   THE LACK OF OBJECTIONS SUPPORTS APPROVAL OF THE SETTLEMENT

As of July 28, 2023, Talkspace had more than 166 million shares of common stock outstanding.[2] "It has repeatedly been held that 'one indication of the fairness of a settlement is the lack of or small number of objections.'" *Strougo v. Bassini*, 258 F. Supp. 2d 254, 258 (S.D.N.Y. 2003). After Notice was disseminated, no shareholder filed an objection to the Settlement. Therefore, those affected by the proposed Settlement have overwhelmingly endorsed it as "fair and reasonable." *Id.* at 259; *see also Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 118 (2d Cir. 2005) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement."); *Sealock v. Covance Inc.*, No. 17-cv-5857 (JMF), 2020 U.S. Dist. LEXIS 44753, at *12 (S.D.N.Y. March 13, 2020) (finding that the lack of objection supports approval of settlement); *In re FAB Universal Corp. S'holder Derivative Litig.*, 148 F. Supp. 3d 277, 282 (S.D.N.Y. 2015) (absence of objections "may well evidence the fairness of the [s]ettlement" and "weighs in favor of approval"); *Bean v. Bank of N.Y. Mellon,* 2009 U.S. Dist. LEXIS 27504, at **10-11 (S.D.N.Y. 2009) (lack of objection by class members favors approval

---

[2] Talkspace Quarterly Report on Form 10-Q filed with the SEC on August 2, 2023.  *See* https://www.sec.gov/ix?doc=/Archives/edgar/data/1803901/000095017023037283/talk-20230630.htm.

of the settlement); *Heyer v. New York City Hous. Auth*, 2006 U.S. Dist. LEXIS 25089, at *9 (S.D.N.Y. 2006) (lack of objection "clearly supports approval" of the settlement).

Further, Talkspace's stockholders include sixty-eight institutional owners who collectively hold over 53% of the outstanding shares.[3] The Company's largest shareholders include Norwest Venture Partners XIII, LP, NVP Associates, LLC, Hudson Executive Capital LP, Goldman Sachs Group Inc., and Harbor Spring Capital, LLC.[4] Such institutional holders have a substantial stake in Talkspace and have the finances and resources to pursue an objection to the Settlement if in their judgment they believed it was not in Talkspace's best interests.

Notably, no institutional shareholder has interposed an objection to the Settlement, including the Fee and Expense Amount and Service Awards, further demonstrating the Settlement's fairness, reasonableness, and adequacy. *In re AOL Time Warner, Inc.,* No. 02 Civ. 5575(SWK), 2006 U.S. Dist. LEXIS 17588, at *35 (S.D.N.Y. Apr. 6, 2006) ("small number of objections … strongly favor[s] the Settlement" where "not a single institutional Class Member objected to the Settlement"); *In re Veeco Instruments Sec., Litig.*, No. 05 MDL 01695(CM), 2007 U.S. Dist. LEXIS 85554, at *5 (S.D.N.Y. Nov. 7, 2007) ("The lack of any objections further supports the fairness and reasonableness of the fee and expense reimbursement requests."); *see also In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive" and did not do so, supported approval of the fee request); *In re Wells Fargo & Co. S'holder Deriv. Litig.,* 445 F. Supp. 3d 508, 532-33 (N.D. Cal. 2020) (finding the lack of objections from institutional investors "who presumably had the means, the motive, and the sophistication to raise objections" supports

---

[3] Https://www.nasdaq.com/market-activity/stocks/talk/institutional-holdings.

[4] *Id.*

both approval of the settlement and the fee request) (citation omitted); *In re Regulus Therapeutics Sec. Litig.*, 3:17-cv-182-BTM-RBB, 2020 U.S. Dist. LEXIS 202787, at *18 (S.D. Cal. October 29, 2020) ("Many potential class members are sophisticated institutional investors; the lack of objections from such institutions indicates that the settlement is fair and reasonable."); *Hefler v. Wells Fargo & Co.*, Case No. 16-cv-05479-JSY, 2018 U.S. Dist. LEXIS 213045, at *26 (N.D. Cal. Dec. 17, 2018) ("[N]o institutional investor submitted an objection or requested exclusion, although institutional investors held between 80.9 to 92.1 percent of outstanding shares of Wells Fargo common stock throughout the Class Period.  Under these circumstances, "[t]hat not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness.") (citations omitted).

Finally, there are no objections to the service awards requested for Plaintiffs.  The modest proposed awards "need not be subjected to intense scrutiny inasmuch as these funds will come out of the attorney's fees[.]"  *In re Presidential Life Sec.*, 857 F. Supp. 331, 337 (S.D.N.Y. 1994).  In addition, their payment would accord with the public policies underlying incentive awards for plaintiffs in representative litigation of this nature.  *See Fab Universal*, 148 F. Supp. 3d at 285 ("Courts in this Circuit routinely award [] costs and expenses . . . to provide an incentive for such plaintiffs to remain involved in the litigation"); *In re Cendant Corp. Derivative Action Litig.*, 232 F. Supp. 2d 327, 344 (D.N.J. 2002) (service awards recognize plaintiffs' public service in "contributing to the validity and enforcement of securities laws").

### III.   CONCLUSION

The Settlement is an outstanding resolution of Derivative Actions of substantial complexity.  The Settlement meets all the relevant standards for final approval, especially when weighed against the substantial costs, delay and risks that would be entailed in any attempt to improve on the result through further litigation.  Likewise, the Fee and Expense Amount, and

Service Awards to be drawn therefrom, is eminently fair and reasonable. Indeed, the amount was agreed to by the Parties with the assistance of an experienced mediator, subject to this Court's approval, and is thoroughly supported by all the relevant factors. Accordingly, Plaintiffs respectfully request that the Court finally approve the Settlement and enter the proposed Judgment substantially in the form as attached to the Stipulation as Exhibit D (ECF No. 16-1).

Dated: August 11, 2023

Respectfully submitted,

/s/ David C. Katz
David C. Katz
Mark Smilow
Joshua Rubin
**WEISS LAW**
305 Broadway, 7th Floor
New York, NY 10007
Telephone: (212) 682-3025
Facsimile: (212) 682-3010
Email: dkatz@weisslawllp.com
         msmilow@weisslawllp.com
         jrubin@weisslawllp.com


/s/ Matthew M. Houston
Matthew M. Houston
Benjamin I. Sachs-Michaels
**GLANCY PRONGAY & MURRAY LLP**
745 Fifth Avenue, 5th Floor
New York, NY 10151
Telephone: (212) 935-7400
Facsimile: (212) 753-3630
Email: mhouston@glancylaw.com
         bsachsmichaels@glancylaw.com

*Plaintiffs' Co-Lead Counsel*