UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| IN RE TALKSPACE STOCKHOLDER DERIVATIVE LITIGATION | Master File No. 1:22-cv-05016-PGG |
|---|---|

[PROPOSED] JUDGMENT

**WHEREAS**, this matter in the above-captioned action (the "Derivative Action") came before the Court for hearing pursuant to the Order of this Court dated June 30, 2023 (the "Preliminary Approval Order"), on the application of the parties for preliminary approval of the proposed settlement (the "Settlement") set forth in the Stipulation of Settlement and Release Agreement dated May 18, 2023, and the exhibits thereto (the "Stipulation"); and

**WHEREAS**, due and adequate notice has been given of the Settlement as required in the Preliminary Approval Order; and

**WHEREAS**, the Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support of or against the Settlement, and the Court has been fully advised of the premises for the Settlement and good cause appearing therefor;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1. This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms not otherwise defined herein shall have the same meanings set forth in the Stipulation.

2. For purposes of effectuating the Settlement, the Court has jurisdiction over the subject matter of the Derivative Action and all parties to the Derivative Action, including but not limited to: Plaintiffs Fredrik Odsvall and Matis Nayman; Charles Berg, Douglas G. Bergeron, Douglas L. Braunstein, Jeffrey M. Crowe, Jonathan Dobres, Thelma Duggin, Oren Frank, Roni

1

Frank, Robert Greifeld, Mark Hirschhorn, Madhu Pawar, Amy Schulman, Erez Shachar, Curtis Warfield, and Jacqueline Yeaney (the "Individual Defendants"); nominal defendant Talkspace, Inc. ("Talkspace") (collectively with the Individual Defendants and the Plaintiffs, the "Parties"); and any Person who held or beneficially held Talkspace common stock as of May 18, 2023 and who continued to hold Talkspace common stock as of the date of the Settlement Hearing, excluding the Individual Defendants, their spouses, and anyone (other than a tenant or employee) sharing the household of any Defendant ("Current Talkspace Stockholder").

3.  The Court finds, pursuant to 15 U.S.C. § 78u-4(c)(1), that all counsel appearing in this Derivative Action have complied with the requirements of Rule 11(b) of the Federal Rules of Civil Procedure during the course of the litigation of the Derivative Action.

4.  The Court finds that the terms of the Settlement as set forth in the Stipulation are fair, reasonable, and adequate as to each of the Parties and to Current Talkspace Stockholders, and hereby finally approves in all respects the Settlement as set forth in the Stipulation, and orders the Parties to perform its terms to the extent the Parties have not already done so.

5.  Judgment shall be, and hereby is, entered dismissing the Derivative Action with prejudice, on the merits, and without taxation of costs in favor of or against any Party except as otherwise provided in the Stipulation.

6.  Plaintiffs and each Current Talkspace Stockholder are hereby conclusively deemed to have fully, finally, and forever released, relinquished, and discharged Talkspace, Charles Berg, Douglas G. Bergeron, Douglas L. Braunstein, Jeffrey M. Crowe, Jonathan Dobres, Thelma Duggin, Oren Frank, Roni Frank, Robert Greifeld, Mark Hirschorn, Madhu Pawar, Amy Schulman, Erez Shachar, Curtis Warfield, and Jacqueline Yeaney, all and each of them, and all and each of their respective present and former parents, subsidiaries, divisions, controlling persons,

associates, entities and affiliates and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling stockholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers of each of them; as well as the predecessors, successors, assigns, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of the foregoing (all of them are the "Released Parties"), with respect to the "Released Claims," defined as any and all manner of claims, including any Unknown Claims, debts, demands, rights, interests, actions, suits, causes of action, cross-claims, counter-claims, charges, judgments, obligations, setoffs, or liabilities for any obligations of any kind whatsoever (however denominated), whether derivative, individual or otherwise in nature, for fees, costs, penalties, damages whenever incurred, and liabilities of any nature whatsoever (including, without limitation, direct or indirect claims or demands for rescission, damages, interest, attorneys' fees, and any other costs, expenses or liabilities whatsoever, including joint and several), whether based on federal, state, local, statutory or common law, in equity, or on any other law, rule, regulation, ordinance, contract, or the law of any foreign jurisdiction, whether fixed or contingent, known or unknown, liquidated or unliquidated, suspected or unsuspected, asserted or unasserted, matured or unmatured, arising from or relating in any way to, directly or indirectly, any act or omission alleged or claims asserted in the Derivative Action or that could have been alleged or asserted on behalf of Talkspace, including those that were threatened, asserted, or could have been asserted by any of Talkspace's

stockholders, or that Talkspace could have asserted directly, in any court, tribunal, forum or proceeding, against any of the Defendants or the other Released Parties.

7. Talkspace, the Released Persons, and all Current Talkspace Stockholders, and their respective agents, spouses, heirs, predecessors, successors, personal representatives, representatives and assigns, in their capacities as such only, are deemed to have, and by operation of the Stipulation, the Settlement, and this Judgment and to the fullest extent permitted by law, shall have fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Derivative Action or the Released Claims.

8. Talkspace, Plaintiffs, and each Current Talkspace Stockholder are hereby barred and permanently enjoined from commencing, instituting, prosecuting, continuing to prosecute, soliciting, encouraging, or participating in the prosecution of any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims.

9. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

10. This Court hereby approves the Fee and Expense Amount of $550,000, which shall include all of Plaintiffs' Counsel's attorneys' fees and costs and Service Awards to be drawn therefrom of $5,000 to each of the Plaintiffs for their efforts in the Derivative Action.

11. Neither the Stipulation, nor any provision contained in the Stipulation, nor any action undertaken pursuant thereto, nor the negotiation thereof by any party to the Stipulation shall be deemed an admission or received as evidence in this or any other action or proceeding. Any

Released Party, or his, her or its counsel may file the Stipulation and/or this Judgment in any action that may be brought, or has been brought, against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Without affecting the finality of this Judgment in any way, the Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement; (b) the Derivative Action, until the Effective Date; (c) all Parties, for the purpose of enforcing and administering the Stipulation and the terms set forth therein; and (d) any other matters solely related to the Settlement. Plaintiffs, Defendants and each Current Talkspace Stockholder are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Settlement or the Stipulation, including the exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Judgment, the Court retains exclusive jurisdiction over any such suit, action or proceeding. Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, Plaintiffs, Defendants and each Current Talkspace Stockholder are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

13. In the event that this Judgment does not become Final in accordance with ¶ IV(A)(6) of the Stipulation, and the Effective Date in accordance with ¶ IV(G)(1) of the Stipulation does not occur, then the Judgment shall be rendered null and void to the extent provided

by and in accordance with the Stipulation, and this Order shall be vacated. In such event, all orders entered and releases delivered in connection with the settlement shall be null and void, except to the extent provided by and in accordance with the Stipulation. In such event, the Parties shall return to their positions as of February 15, 2023, without prejudice to the rights of the Parties *status quo ante*.

14. This Judgment is a final, appealable judgment.

**IT IS SO ORDERED.**

DATED: August 16, 2023

PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE